IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

AUG 2 9 2013

CLER . U.S. DIST ...
/ LLXANDRIA, VIR .

Wayne Boyd,                      )
        Petitioner,              )
                                 )
v.                               )        1:12cv1501 (LO/IDD)
                                 )
Marie Vargo,                     )
        Respondent.              )

MEMORANDUM OPINION

Wayne Boyd, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and

accompanying memorandum, and petitioner was given the opportunity to file responsive

materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a

response; accordingly, this matter is ripe for disposition. For the reasons that follow,

respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with

prejudice, and petitioner's motions for evidentiary hearing and to appoint counsel will be denied,

as moot.

## I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for Henrico

County, Virginia, entered on September 29, 2008. Petitioner entered a plea pursuant to North

Carolina v. Alford, 400 U.S. 25, 32, (1970), to charges of malicious wounding, abduction, rape,

forcible sodomy, misdemeanor unauthorized use of a motor vehicle, and petit larceny. CR08-

676, 678, 849, 851, 852; Resp. Ex. A, ECF No. 8-1. He received a total sentence of thirty-three

(33) years in prison and twenty-four (24) months in jail. Id. Petitioner appealed to the Court of

Appeals of Virginia, which denied the petition on February 8, 2011. Boyd v. Commonwealth, R.

1428-10-2; Resp. Ex. B, ECF No. 8-2. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on July 28, 2011. Boyd v. Warden, R. No. 110434; Resp. Ex. C, ECF No. 8-3.

On March 8, 2012, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which denied and dismissed the petition on September 11, 2012. R. No. 120442; Resp. Ex. D, ECF No. 8-4.

On December 20, 2012, petitioner filed the instant federal habeas petition, alleging that his counsel, Charles Homiller, who represented petitioner at trial, and Sarah Davis Harman, who represented petitioner at his sentencing proceeding, rendered ineffective assistance. Specifically, petitioner alleges that:

> (1) Mr. Homiller failed to investigate prior to advising and allowing Boyd to enter, an Alford plea of guilty to a sexual assault charge.

> (2) Mr. Homiller filed a motion to withdraw petitioner's Alford plea while acting under a conflict of interest.

> (3) Mr. Homiller failed to sufficiently articulate the basis for petitioner's request to withdraw his Alford plea of guilty.

> (4) Ms. Harman was not prepared to argue and failed to argue Mr. Homiller's motion to withdraw petitioner's Alford plea of guilty.

> (5) Mr. Homiller and Ms. Harman failed to move withdraw petitioner's Alford plea on the ground that it was not knowingly, voluntarily and intelligently made, and no finding to that effect had been made by the trial court.

The claims are exhausted.

## II. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable

determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### III. Analysis

Petitioner argues that both Mr. Hollimer and Ms. Harman rendered ineffective assistance. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

3

analysis");  Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998). In addition, it is settled that the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at

74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir.2005); Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In Claim 1, petitioner alleges that Mr. Hollimer was ineffective because he failed to investigate prior to advising petitioner to enter an Alford plea to charges of rape and forcible sodomy. Petitioner alleges if counsel had done further investigation, he would have discovered jail phone calls between the victim and petitioner that contained exculpatory evidence showing he did not sexually assault the victim. To support this allegation, petitioner proffers his own affidavit detailing the alleged discussion between himself and the victim.

When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland. Specifically, it reasoned:

> [P]etitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his Alford pleas were voluntarily[,] and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary.

Boyd v. Warden, supra, at 2.

In Claim 2, petitioner alleges that he was denied the effective assistance of counsel because Mr. Hollimer filed a motion to withdraw petitioner's Alford pleas while acting under a conflict of interest. Petitioner asserts counsel acted under a conflict of interest because he failed to conduct proper discovery prior to advising petitioner to enter Alford pleas and coerced petitioner into entering the pleas. When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland, finding that:

Petitioner stated in the record at his plea hearing that he was entirely satisfied with the services of counsel. Furthermore, petitioner concedes that he asked counsel to file the motion to withdraw petitioner's Alford pleas. Thus, petitioner has failed to establish either an actual conflict of interest or an adverse effect on counsel's performance. See Mickens v. Taylor, 535 U.S. 162, 172 (2002).

Boyd v. Warden, supra, at 2.

In Claim 3, petitioner alleges he was denied the effective assistance of counsel when Mr. Hollimer failed sufficiently to articulate the basis for petitioner's request to withdraw his Alford pleas. He contends the written motion Mr. Hollimer filed failed to relate to the trial court that petitioner's pleas were not entered knowingly, voluntarily, and intelligently because counsel did not investigate jail telephone calls between petitioner and the victim.

When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland, stating that:

> The record, including the manuscript, demonstrates that counsel filed a written motion to withdraw the pleas that specifically alleged that petitioner believed "proper discovery was not performed, he was coerced into his decision by counsel and counsel has not acted in his best interest." Further, petitioner knew about the phone calls when he entered his pleas, as he was a party to the conversations. Petitioner has also failed to show he would have been able to present a reasonable defense to the charges.

Boyd v. Warden, supra, at 3.

In Claim 4, petitioner alleges that he was denied effective assistance of counsel because Ms. Harman was not prepared to argue the motion to withdraw petitioner's Alford pleas. He contends that Ms. Harman, who was newly appointed to assist him, erroneously asked to "renew" the motion to withdraw when she should have known the court had not previously heard the motion or ruled on it. When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim failed to satisfy the prejudice prong of

6

Strickland, finding that "[t]he record, including the trial transcripts demonstrates that there was no valid basis to support petitioner's motion to withdraw the pleas. Thus, petitioner has failed to demonstrate, but for counsel's alleged errors the result of the proceeding would have been different." Boyd v. Warden, supra, at 4.

In Claim 5, petitioner alleges he was denied the effective assistance of counsel because both Mr. Hollimer and Ms. Harman failed to move for a withdrawal of petitioner's Alford pleas on the ground that they were not knowingly, voluntarily, and intelligently made and no finding to that effect had been made by the trial court. He contends that the only reason he entered the pleas was because counsel failed to investigate the recorded jail telephone records. When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland, finding that:

> The record, including the trial transcripts, and the petition for writ of habeas corpus demonstrates that the petitioner's pleas were entered knowingly, voluntarily and intelligently. Petitioner knew about the jail phone calls when he entered his Alford pleas. Counsel had no basis, therefore, to argue that the pleas were not knowingly, voluntarily and intelligently made.

Boyd v. Warden, supra, at 4.

The state court's rejection of these claims was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. As a preliminary matter, a review of petitioner's state habeas petition and the memorandum of law he attached to the petition reveals that petitioner did not sufficiently argue that he should not be bound by his pleas. Streater v. Warden, supra, Habeas Pet. 4–13, Jun. 2, 2011. Additionally, a review of the plea transcript shows that petitioner told the trial court when he pled guilty that he knew he was waiving the right to cross-examine witnesses and

his right to a jury trial, he understood what an <u>Alford</u> plea was, and he was satisfied with Mr. Hollimer's services. Tr. 6–8, April 30, 2008. Moreover, the trial judge accepted the plea as knowing and voluntary. <u>Id.</u>

Furthermore, petitioner's arguments concerning the alleged exculpatory phone conversations must fail. Petitioner knew about the conversations before pleading guilty because he participated in them. Regardless, he fails to establish that the trial court would have granted his motion to withdraw his pleas if Mr. Hollimer had obtained recordings of the alleged conversations between petitioner and the victim. Contrary to petitioner's argument, his sworn affidavit—in which he recounts from memory the alleged conversations—is insufficient to establish his innocence. Boyd Aff., ECF No. 1 at 29.

Finally, petitioner's suggestion that Ms. Harman's misunderstanding had an impact on the outcome of the proceeding is unfounded. Because the state court's findings were not unreasonable, petitioner's claims must be dismissed.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed, with prejudice, and petitioner's motions for evidentiary hearing and to appoint counsel will be denied, as moot. An appropriate Order shall issue.

Entered this ___27___ day of ___August___ 2013.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia